HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TYLER BRESNAHAN,

        Petitioner,

   v.

UNITED STATES OF AMERICA,

        Respondent.

CASE NO. C16-998RAJ

ORDER

This matter comes before the Court on Petitioner Tyler Bresnahan's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody.  Dkt. # 1.  For the reasons that follow, the Court **DENIES** Mr. Bresnahan's motion.

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion to vacate, set aside, or correct his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."

1    Under 28 U.S.C. § 2253(c), there is no right to appeal from a final order in a

2    proceeding under section 2255 unless a circuit judge issues a certificate of appealability.

3    28 U.S.C. § 2253(c)(1)(B).

4    Mr. Bresnahan's motion is based upon *Johnson v. United States*, 135 S.Ct. 2551

5    (2015); Mr. Bresnahan argues that the sentencing enhancement he received is subject to

6    review based on Supreme Court precedent.  *See, generally*, Dkt. # 1.  To qualify for a

7    sentence reduction under *Johnson*, Mr. Bresnahan must show that he was sentenced

8    under the residual clause of the Armed Career Criminal Act (ACCA).  *See Johnson*, 135

9    S.Ct. 2551; *see also Beckles v. United States*, No. 15-8544, 2017 WL 855781 (U.S. Mar.

10   6, 2017) (finding that *Johnson* does not extend to those sentenced under a similarly

11   worded clause in the Sentencing Guidelines).

12   According to Mr. Bresnahan's Pre-Sentence Report, he was charged under 21

13   U.S.C. §§ 841(a)(1) and (b)(1)(C) as well as 18 U.S.C. § 924(c).  CR13-179, Dkt. # 67.

14   However, Mr. Bresnahan's firearm charge under 18 U.S.C. § 924(c) was based on a drug

15   trafficking crime, not a "crime of violence."  *Id.*; 18 U.S.C. § 924(c).  The ACCA's

16   residual clause is based on the language of the latter, and therefore Mr. Bresnahan's

17   *Johnson* claim has no application in this context.

18   Mr. Bresnahan's Pre-Sentence Report recommended that the Court sentence Mr.

19   Bresnahan as a career criminal pursuant to the Sentencing Guidelines.  Dkt. # 67 at ¶ 34.

20   However, the Supreme Court recently decided that *Johnson* shall not apply to the

21   Sentencing Guidelines, and therefore Mr. Bresnahan is unable to challenge his criminal

22   history computations based on vagueness.  *See Beckles*, 2017 WL 855781.

23   //

24   //

25   //

26   //

27   //

ORDER- 2

For the all the foregoing reasons, the motion is **DENIED**.  Dkt. # 1, 8.  The motion to seal is **GRANTED**.  Dkt. # 7.  The Court directs the Clerk to **DISMISS** this action. The Court finds that reasonable jurists would not debate the resolution of this motion. Accordingly, the Court declines to issue a certificate of appealability.  *See* Fed. R. Governing § 2255 Proceedings, Rule 11(a); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 22nd day of March, 2017.

The Honorable Richard A. Jones
United States District Judge